

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0964-24

## MARIAN FRASER, Appellant

### v.

## THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## McLENNAN COUNTY

**PARKER, J., filed a concurring and dissenting opinion.**

### CONCURRING AND DISSENTING OPINION

I disagree with the Court's resolution of the Fourth-Amendment issue. Although a nexus between a cell phone and the offense are needed to establish probable cause to search the phone, I would find a sufficient nexus when the police had probable cause to believe that an infant died of medicine poisoning while under professional care in a home-based caregiver business.

In *State v. Baldwin*, this Court held that "generic boilerplate language about cell phone use among criminals" in a probable-cause affidavit is not sufficient by itself to establish probable cause

to search a cell phone."[1] A probable-cause affidavit also needs to contain "specific facts connecting the items to be searched to the alleged offense."[2]

Massachusetts similarly requires a "nexus."[3]  But in *Commonwealth v. Fernandes*, the Supreme Court in that state held that the nexus can be established by the type of crime and the nature of the evidence sought.[4]  The court found a sufficient nexus to search a digital camera when the suspected crime was a family-violence homicide, even though there were no facts showing that the camera was present or used during the offense and no specific information suggesting that the camera memorialized evidence of the offense.[5]  The court pointed out that, "[i]n crimes of domestic violence, our cases have repeatedly recognized that evidence explaining the nature of the relationship between the defendant and the victim is relevant and admissible to prove state of mind and intent."[6] Images from a camera "would obviously provide insights into the nature of the relationship, including the victim's appearance at identifiable periods up to and possibly including the date of the crime."[7] The court distinguished the domestic-violence situation from an armed robbery, "where the only  connection between the suspect's cell phone and the crime was generalized police experience

---

[1]  664 S.W.3d 122, 134 (Tex. Crim. App. 2022).

[2]  *Id.*

[3]  *Commonwealth v. Fernandes*, 148 N.E.3d 361, 373 (Mass. 2020).

[4]  *Id.*

[5]  *Id.*

[6]  *Id.*

[7]  *Id.*

locating useful cell phone evidence in other multiple-defendant criminal investigations."[8] The nexus between the camera and the domestic-violence crime was "not speculative; there was a substantial basis to believe it would provide a clear window into the nature of the relationship."[9]

The reasoning in *Fernandes* applies to the present case. Although the present case does not involve an alleged "domestic violence" crime, similar considerations are present—the issue here was caregiver violence, and the suspected mechanism of death was poisoning via an over-the-counter medication. Appellant operated her caregiver business out of her home, so any communications or records of that business would be expected to be found on a personal phone or a home computer. That would include any information that Appellant used Benadryl as part of her business practices in caring for children. Her cellphone could thus contain information both on her relationship with the children under her care—including the victim—and on her professional business practices. Consequently, I think the following facts provided a sufficient nexus to search the phone: (1) an infant died of Benadryl poisoning, (2) the infant died during Appellant's care, (3) Appellant was caring for the infant as a professional caregiver, and (4) Appellant ran her caregiver business out of her home. Under these facts, which can all be found in the probable-cause affidavit, I would conclude that the police had probable cause to search any of Appellant's personal or home electronic devices that were capable of containing records or communications relating to Benadryl usage in her caregiver business.

With these comments, I dissent on the Fourth-Amendment issue (ground 3) and join the Court's opinion on the other issues.

---

[8] *Id.* at 374.

[9] *Id.*

Filed: September 3, 2025

Publish